O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| THEODORE GOODEMOTE, ) | Case No. EDCV 10-1172-MLG |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Theodore Goodemote seeks judicial review of the Social Security Commissioner's denial of his application for Social Security Disability Insurance ("SSDI") benefits and Supplemental Security Income benefits("SSI") pursuant to Titles II and XVI of the Social Security Act. For the reasons stated below, the decision of the Commissioner is affirmed.

**I.    Facts and Procedural Background**

Plaintiff was born on August 14, 1960. He completed high school and has worked as a cable installer. (Administrative Record ("AR") at 133, 139, 144.) Plaintiff filed an application for SSDI and SSI on June 22, 2007, alleging disability as of September 10,

2005, due to complications from an appendectomy, nerve damage, and bipolar disorder. (AR at 138.) His application was denied initially and upon reconsideration. (AR at 60, 67.) An administrative hearing was held on April 24, 2009, before Administrative Law Judge ("ALJ") Michael D. Radensky. (AR at 21-53.) Plaintiff was represented by counsel and testified on his own behalf. A vocational expert ("VE") also testified at the hearing.

ALJ Radensky issued an unfavorable decision on July 20, 2009. (AR at 9-20.) The ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date through his date last insured of December 31, 2009. He further found that Plaintiff suffered from the following severe impairments: groin pain, spastic paresis of the right lower extremity, anxiety, and depression. (AR at 11.) These severe impairments, alone or in combination, did not meet the requirements of a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR at 12-13.) The ALJ concluded that Plaintiff cannot return to his past relevant work, but retains the residual functional capacity ("RFC") to perform light work[1] with the following additional limitations: "[H]e is limited to simple, repetitive work in a non-public setting...[and] is precluded from using his right lower extremity for repetitive movements, pedals, etc." (AR at 13, 18.) Finally, the ALJ determined that Plaintiff was not disabled because there

---

[1] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects up to 10 pounds...[A] job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b).

were a significant number of jobs in the national and local economy that Plaintiff could perform, based on the testimony of the VE as well as using the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, App. 2, Rule 201 ("the grids"), as a framework for decision. (AR at 18-19.)

The Appeals Council denied review on June 3, 2010, and Plaintiff commenced this action on August 6, 2010. Plaintiff contends that the ALJ failed to afford proper consideration to his treating psychiatrist's opinion that Plaintiff's mental impairment precludes him from working. (Joint Stip. at 2-5.)

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir. 1999); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that a reasonable person might accept as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming

or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

### III. The ALJ Properly Rejected the Treating Psychiatrist's Opinion That Plaintiff Cannot Work

Plaintiff argues that the ALJ failed to properly consider the opinion of his treating psychiatrist, Dr. Steve Eklund, that Plaintiff is unable to work. Specifically, Dr. Eklund wrote a letter to the Social Security Administration on April 15, 2009, that states in its entirety: "[Plaintiff] is unable to engage in any substantial gainful employment due to his mental impairment, which is severe and would impose substantial limitations. This impairment can be expected to last for a continuous period of not less than 12 months." (AR at 349.) After evaluating Dr. Eklund's treatment records, the ALJ considered and rejected the April 15, 2009, opinion because it was inconsistent with the minimal, conservative treatment provided, was persuasively rebutted by the opinions of the examining and reviewing examiners, and was an opinion on an issue reserved to the commissioner. (AR at 16-17.) Plaintiff claims this was error because the ALJ did not specifically identify inconsistencies in the record, failed to acknowledge the 19 month treatment relationship or discuss treatment notes, and failed to specifically identify inconsistencies between the April 15, 2009, letter and the opinions of the examining and reviewing doctors. (Joint Stip. at 4-5.) These arguments are not persuasive.

//

A treating physician's medically supported opinion regarding the nature and severity of a disability claimant's impairments is generally given great weight. 20 C.F.R. § 404.1527(d)(2); *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Even if a treating doctor's opinion is contradicted, an ALJ may disregard it only by giving specific and legitimate reasons for doing so that are supported by substantial evidence in the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); *Reddick*, 157 at 725.

Nonetheless, the ultimate determination of disability (*i.e.* whether a claimant can perform work in the national economy) rests solely with the Commissioner, and a physician's statement that a claimant is "unable to work" is not entitled to special weight. 20 C.F.R. 416.927(e); *see Tonapetyan*, 242 F.3d at 1148-49 (ALJ not bound by opinion of treating physician with respect to ultimate determination of disability); *Martinez v. Astrue*, 261 Fed.Appx 33, 35 (9th Cir. 2007) ("[T]he opinion that [the claimant] is unable to work is not a medical opinion...[and] is therefore not accorded the weight of a medical opinion."). Moreover, an ALJ need not accept the opinion of any medical source, including a treating medical source, "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *accord Tonapetyan* 242 F.3d at 1149.

Here, the ALJ's reasons for rejecting Dr. Eklund's opinion that Plaintiff could not work were both legally sound and supported by substantial evidence. The ALJ accurately summarized Dr. Eklund's treatment notes, and his conclusion that they reflect a minimal, non-aggressive course of treatment is well-supported. (*See* AR at

328-47.) Plaintiff saw Dr. Eklund monthly or bi-monthly for approximately 19 months. While Plaintiff reported feeling angry, agitated, and frustrated, he was consistently alert and oriented, compliant with medications, and without homicidal or suicidal ideation. The treatment plan throughout consisted of continuing current medications and attending follow up visits. Moreover, although Dr. Eklund's April 15, 2009, letter states that Plaintiff's mental impairment is severe and results in "substantial limitations," his treatment notes fail to identify a single functional limitation caused by Plaintiff's mental impairment. (Id.) Thus, the ALJ properly concluded that Dr. Eklund's "no work" opinion is inconsistent with the remainder of the treatment history, which constitutes a specific and legitimate reason to reject the opinion. *See Thomas*, 278 F.3d at 957-58.

In addition, Plaintiff's contention that the ALJ "failed to acknowledge that Dr. Eklund had treated Plaintiff for approximately 19 months" is simply inaccurate. In the paragraph directly preceding his discussion of the April 15, 2009, letter, the ALJ accurately summarized Dr. Eklund's progress notes. In addition, the ALJ explicitly stated that "Dr. Eklund is appropriately considered a treating source" in the paragraph considering and rejecting Dr. Eklund's no-work opinion. (AR at 16-17.) Finally, the ALJ properly noted that Dr. Eklund's "inability to work" statement is not a "medical opinion" entitled to significant weight, and is instead a conclusory opinion on an issue reserved to the Commissioner. *See Martinez*, 261 Fed.Appx at 35. There was no error.

//

//

**IV. Conclusion**

For the reasons stated above, the decision of the Commissioner affirmed and this matter is dismissed with prejudice.

Dated: February 18, 2011

_____
Marc L. Goldman
United States Magistrate Judge